VIRGINIA:

## BEFORE THE VIRGINIA STATE BAR DISCIPLINARY BOARD

IN THE MATTERS OF　　　　　　　　　　VSB DOCKET NOS. 18-032-110094
ANGELA DAWN WHITLEY　　　　　　　　　　　　　　　　　　19-000-115036

FILED APR 22 2019

### AMENDED AGREED DISPOSITION MEMORANDUM ORDER
### 90-DAY SUSPENSION

This matter was heard on April 2, 2019 by the Virginia State Bar Disciplinary Board (hereinafter "the Board") upon the joint request of the parties for the Board to accept the Agreed Disposition signed by the parties and counsel and offered to the Board as provided by the *Rules of the Supreme Court of Virginia*. The panel consisted of Sandra L. Havrilak, First Vice Chair, Carolyn V. Grady, John A.C. Keith, Thomas R. Scott, Jr., and Tambera D. Stephenson, Lay Person. The Virginia State Bar was represented by Laura Ann Booberg, Assistant Bar Counsel. The Respondent Angela Dawn Whitley (hereinafter "Respondent") was present and was represented by counsel Leslie A. T. Haley. The Chair polled the members of the Board as to whether any of them were aware of any personal or financial interest or bias which would preclude any of them from fairly hearing the matter to which each member responded in the negative. Court Reporter Lisa Wright, Chandler and Halasz, P.O. Box 9349, Richmond, Virginia 23227, telephone (804) 730-1222, after being duly sworn, reported the hearing and transcribed the proceedings.

It appearing to the Board that upon consideration of the Agreed Disposition, the Certification, Respondent's Answer, Respondent's Disciplinary Record, the arguments of the parties; and, after due deliberation, that entry of this Order is proper and should be granted.

Upon consideration whereof, if it therefore Ordered that the Agreed Disposition is accepted by the Board and Respondent Angela Dawn Whitley shall receive a 90-Day Suspension for VSB Docket No. 18-032-110094, and a 90-Day Suspension for VSB Docket No. 19-000-115036, as set forth in the Agreed Disposition (that contains a ministerial error indicating a 90-Day Suspension with Terms), which is attached and incorporated in this Memorandum Order. The two 90-day suspensions shall run consecutively.

It is further Ordered that the sanction is effective April 2, 2019.

It is further Ordered as follows:

The Respondent must comply with the requirements of Part Six, § IV, ¶ 13-29 of the *Rules of the Supreme Court of Virginia*. The Respondent shall forthwith give notice by certified mail of the Suspension of his or her license to practice law in the Commonwealth of Virginia, to all clients for whom he or she is currently handling matters and to all opposing attorneys and presiding Judges in pending litigation. The Respondent shall also make appropriate arrangements for the disposition of matters then in his or her care in conformity with the wishes of his or her clients. The Respondent shall give such notice within 14 days of the effective date of the Suspension, and make such arrangements as are required herein within 45 days of the effective date of the Suspension. The Respondent shall also furnish proof to the Bar within 60 days of the effective day of the Suspension that such notices have been timely given and such arrangements made for the disposition of matters.

It is further Ordered that if the Respondent is not handling any client matters on the effective date of the Suspension, he or she shall submit an affidavit to that effect within 60 days of the effective date of the Suspension to the Clerk of the Disciplinary System at the Virginia State Bar. All issues concerning the adequacy of the notice and arrangements required by Paragraph 13-29 shall be determined by the Virginia State Bar Disciplinary Board, which may impose a sanction of Revocation or additional Suspension for failure to comply with the requirements of this subparagraph.

The Clerk of the Disciplinary System shall assess costs pursuant to ¶ 13-9 E. of the *Rules*.

It is further Ordered that an attested copy of this Order be mailed to the Respondent by certified mail, return receipt requested, at her last address of record with the Virginia State Bar at

Angela Dawn Whitley, Esq., The Whitley Law Firm, 3115 Sunset Ave, Richmond, VA 23221-3926, and a copy to Leslie A. T. Haley, Respondent's counsel at Leslie Ann Takacs Haley, Esq., Park Haley LLP, 1011 East Main Street, Suite 300, Richmond, VA 23219-3537, and a copy hand-delivered to Laura Ann Booberg, Assistant Bar Counsel, Virginia State Bar, Suite 700, 1111 E. Main Street, Richmond, VA 23219.

Entered: <u>April 4, 2019</u> *Nunc Pro Tunc* <u>to April 2, 2019</u>.

VIRGINIA STATE BAR DISCIPLINARY BOARD

*Sandra L. Havrilak*
Digitally signed by Sandra L. Havrilak
DN: cn=Sandra L. Havrilak, o, ou,
email=slhavrilak@havrilaklaw.com, c=US
Date: 2019.04.04 11:34:39 -04'00'

Sandra Havrilak, 1st Vice Chair

A COPY TESTE:
DAVIDA M. DAVIS
CLERK OF THE DISCIPLINARY SYSTEM

3

A COPY TESTE:

DAVIDA M. DAVIS
CLERK OF THE DISCIPLINARY SYSTEM

RECEIVED
Mar 28, 2019
VIRGINIA STATE BAR
CLERK'S OFFICE

VIRGINIA:

BEFORE THE DISCIPLINARY BOARD
OF THE VIRGINIA STATE BAR

IN THE MATTERS OF
ANGELA DAWN WHITLEY

VSB Docket No. 18-032-110094
VSB Docket No. 19-000-115036

### AGREED DISPOSITION
### (90-DAY SUSPENSION WITH TERMS)

Pursuant to the Rules of the Supreme Court of Virginia, Part 6, Section IV, Paragraph 13-6.H, the Virginia State Bar, by Laura Ann Booberg, Assistant Bar Counsel; Angela Dawn Whitley, Respondent; and Leslie A. T. Haley, Respondent's counsel, hereby enter into the following Agreed Disposition arising out of the referenced matter.

### I. STIPULATIONS OF FACT

1. At all times relevant hereto, Angela Dawn Whitley, ("Respondent"), has been an attorney licensed to practice law in the Commonwealth of Virginia.

2. On May 9, 2013, Curtis Russell Lee, Jr., ("Lee"), retained Respondent to represent him in the Circuit Court of the City of Richmond on his sentencing for convictions for second degree murder, possession of a firearm by a violent felon, and the use of a firearm in the commission of a felony. Lee also retained Respondent to represent him in his appeal of these convictions to the Court of Appeals of Virginia, ("the court").

3. On April 16, 2014, Respondent filed a timely Notice of Appeal with the trial court, but failed to file the filing fee on time, and, as a result, Lee's appeal was dismissed. However, on September 4, 2014, Respondent filed a replacement Notice of Appeal and a delayed appeal was granted.

4. A Petition for Appeal was received by the court on January 5, 2015, and the court denied the appeal on September 3, 2015.

5. On August 2, 2017, Lee filed a bar complaint alleging that Respondent had never communicated to him that the appeal was denied. Lee alleged that the appeal time had run, leaving him no further remedy.

6. On August 14, 2017, the Virginia State Bar, ("VSB"), sent Respondent a copy of Lee's complaint demanding a response within 21 days, notifying Respondent, at her address of record, that "Pursuant to Virginia Rule of Professional Conduct 8.1(c), you have a duty to

comply with the bar's lawful demands for information not protected from disclosure by Rule 1.6, which governs confidentiality of information." Respondent never filed a response with the VSB.

7. On November 17, 2017, the VSB issued a subpoena duces tecum to Respondent to produce Lee's file. Respondent did not respond to the subpoena.

8. As a result, on December 12, 2017, Respondent was sent a Notice of Noncompliance and Request for Interim Suspension. Respondent did not respond to this notice. On December 29, 2017, the Virginia State Bar Disciplinary Board administratively suspended Respondent's license to practice law for failing to respond to the subpoena.

9. During the course of the VSB's investigation, VSB Investigator Cam Moffat made numerous attempts to meet with Respondent, and Respondent failed to cooperate.

10. On May 21, 2018, the Third District, Section II, Subcommittee, consisting of Rowland Braxton Hill, IV, Chair Presiding; Alexander Spotswood de Witt, Member; and Michelle H. Papierniak, Lay Member, voted to issue a Charge of Misconduct.

11. On August 30, 2018, the Charge of Misconduct was sent to Respondent by certified mail to The Whitley Law Firm, 3115 Sunset Ave, Richmond, VA 23221-3926, her address of record with the VSB. Inter alia, it notified her that the hearing would be conducted on October 22, 2018.

12. On September 27, 2018, the VSB received a certified mailing receipt indicating that the Charge of Misconduct was unclaimed by Respondent.

13. Respondent did not file an answer to the Charge of Misconduct as required by Part 6, Section IV, Paragraph 13-16.B, of the Rules of the Supreme Court of Virginia

14. On September 27, 2018, the Chair of the District Committee issued a Pre-Hearing Order. The Order was sent to Respondent via certified and regular mail to her address of record with the VSB on October 4, 2018. It was also emailed to awhitley@thewhitleylawfirm.net; adwhitley4504@yahoo.com and angela@burgerbach.com.

15. On October 19, 2018 at 2:30pm, a pre-hearing conference call was held pursuant to the Pre-Hearing Order entered on September 27, 2018. On October 16, 2018 and October 18, 2018, Respondent was reminded of the upcoming call via email at awhitley@thewhitleylawfirm.net; adwhitley4504@yahoo.com and angela@burgerbach.com. Respondent did not call in for the pre-hearing conference call.

16. On October 22, 2018, the Third District, Section II Committee held a hearing. Respondent did not appear. At the conclusion of the hearing, this matter was certified to the Disciplinary Board.

## II. NATURE OF MISCONDUCT

Such conduct by Angela Dawn Whitley constitutes misconduct in violation of the following provisions of the Rules of Professional Conduct:

**RULE 1.4    Communication**

**(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.**

**(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.**

**RULE 8.1    Bar Admission And Disciplinary Matters**

**An applicant for admission to the bar, or a lawyer already admitted to the bar, in connection with a bar admission application, any certification required to be filed as a condition of maintaining or renewing a license to practice law, or in connection with a disciplinary matter, shall not:**

\*\*\*

**(c) fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6; or**

\*\*\*

## III. PROPOSED DISPOSITION

Accordingly, Assistant Bar Counsel and the Respondent tender to the Disciplinary Board for its approval the agreed disposition of a **90-day suspension of Respondent's license to practice law in the Commonwealth of Virginia** as representing an appropriate sanction if this matter were to be heard through an evidentiary hearing by a panel of the Disciplinary Board. This suspension will begin on the date of the Memorandum Order approving this Agreed Disposition.

Respondent stipulates that upon entry of a Memorandum Order approving this Agreed Disposition, Respondent shall be deemed to have violated the Term of a Public Reprimand with

3

Terms issued by the Third District Committee, Section II on November 10, 2014 in the Matters of Angela Dawn Whitley, VSB Docket Nos. 14-032-098417, 14-032-099871, and 14-032-099568. (Exh.A). The Term Respondent concedes she violated prohibited Respondent from violating Rule 1.4 of the Rules of Professional Conduct from November 10, 2014 to November 10, 2017. Respondent further agrees that a 90-day suspension of her license to practice law in Virginia should be imposed for violation of this Term. Respondent understands that upon entry of any Memorandum Order approving this Agreed Disposition, Assistant Bar Counsel is required to serve notice requiring Respondent to show cause why the alternative disposition of certification to the Disciplinary Board for a sanction determination should not be imposed. As Respondent agrees that she violated the Term, and as she agrees that the 90-day suspension should be imposed, Respondent waives the show cause proceeding. Respondent further stipulates and understands that the 90-day suspension is additional to and will not run concurrently with the 90-day suspension imposed by any Memorandum Order approving this Agreed Disposition.

If the Agreed Disposition is approved, the Clerk of the Disciplinary System shall assess an administrative fee.

THE VIRGINIA STATE BAR

By: _____
Laura Ann Booberg, Assistant Bar Counsel

_____
Angela Dawn Whitley, Respondent

_____
Leslie A.T. Haley, Respondent's Counsel

ELLIOTT P. PARK (VSB 34163)
FOR
LESLIE A.T. HALEY

4

**VSB Exhibit A**

**VIRGINIA:**

BEFORE THE THIRD DISTRICT SUBCOMMITTEE
OF THE VIRGINIA STATE BAR

IN THE MATTERS OF
ANGELA DAWN WHITLEY

VSB Docket Nos. 14-032-098417,
14-032-099871 & 14-032-099568

SUBCOMMITTEE DETERMINATION
(PUBLIC REPRIMAND WITH TERMS)

On November 7, 2014 a meeting was held in these matters before a duly convened Third District Subcommittee consisting of Michelle H. Papierniak, lay member R. Braxton Hill, IV, chair presiding and Devika E. Davis, member. During the meeting, the Subcommittee voted to approve an agreed disposition for a PUBLIC Reprimand with Terms pursuant to Part 6, § IV, ¶ 13-15.B.4. of the Rules of the Supreme Court of Virginia. The agreed disposition was entered into by the Virginia State Bar, by Renu Mago Brennan, Assistant Bar Counsel, and Angela Dawn Whitley, Respondent, and Craig Stover Cooley, Esquire, counsel for Respondent.

WHEREFORE, the Third District Subcommittee of the Virginia State Bar hereby serves upon Respondent the following PUBLIC Reprimand with Terms:

## I. FINDINGS OF FACT

1. Respondent Angela Dawn Whitley (Respondent) was licensed to practice law in the Commonwealth of Virginia in 1992, and she has been licensed to practice law at all times herein. At the time of these actions, Respondent was providing care for her husband and grieving for his death from cancer on November 23, 2013.

**14-032-098417 Complainant: Virginia State Bar/Client Christopher Dale, Jr.**

2. By judgment imposed on June 19, 2013, and entered July 2, 2013, the Circuit Court of Henrico County convicted Christopher Dale, Jr. for failure to return bailed property valued at $200 or more.

3. Dale retained Franklin McFadden at Respondent's firm to represent him in his appeal.

1

4. On July 19, 2013, McFadden timely filed the notice of appeal.

5. By order entered August 1, 2013, upon Dale's appeal of his criminal conviction, the Henrico County Circuit Court suspended the execution of Dale's sentence for 90 days to allow application for a writ of error.

6. On September 6, 2013, the record of proceedings in the trial court was filed in the clerk's office of the Court of Appeals.

7. By letter dated September 16, 2013, Respondent advised Dale that McFadden left her firm and that she would handle his appeal.

8. On September 26, 2013, Respondent filed a motion for leave of execution of sentence pending the final resolution of Dale's appeal in Henrico County Circuit Court.

9. The deadline to file the petition for appeal was October 16, 2013.

10. Respondent did not timely file the petition for appeal on Dale's behalf.

11. By order entered October 16, 2013, the Henrico County Circuit Court stayed execution of Dale's sentence pending final resolution of his appeal.

12. By order entered November 13, 2013, the Henrico County Circuit Court stayed the sentencing order and released Dale from supervision with a district Office of Probation and Parole pending final resolution of Dale's appeal.

13. By order entered November 22, 2013, the Court of Appeals dismissed Dale's appeal because no Petition for Appeal had been filed on or before the deadline.

14. Pursuant to Va. Code Section 19.2-321.1, Respondent had six months from the dismissal of the appeal to file a motion for leave to pursue a delayed appeal on Dale's behalf.

15. Respondent did not timely file a motion for leave to pursue a delayed appeal.

16. By letter dated February 6, 2014, the Virginia State Bar asked Respondent about the failure to timely file Dale's appeal.

17. By letter dated February 28, 2014, Respondent advised the Bar that her husband passed away in November 2013 and that Dale's appeal slipped through the cracks. She further stated that she would shortly file a motion for leave to pursue a delayed appeal. Respondent then thought she mailed the motion, but she did not.

18. Respondent did not communicate with Dale regarding the dismissal of the appeal at the time the appeal was dismissed, or at the time that she responded to the bar complaint.

19. Respondent did not communicate with Dale regarding the dismissal of the appeal until August 2014, at which time Respondent advised that she would file a motion for leave to pursue a delayed appeal, which would likely be dismissed. Respondent advised Dale he could file a petition for writ of habeas corpus, but he may need to retain other counsel.

20. On August 22, 2014, Respondent filed an untimely motion for leave to pursue a delayed appeal on Dale's behalf.

21. By order entered September 5, 2014, the Court of Appeals denied the motion for leave to pursue a delayed appeal because the motion was not timely filed.

**14-032-099871 Complainant: Virginia State Bar/Client Curtis Russell Lee, Jr.**

22. On May 9, 2013, Curtis Russell Lee, Jr. retained Respondent to represent him in the Circuit Court of the City of Richmond on his sentencing on convictions for second-degree murder, possession of a firearm by a violent felon, and use of a firearm in felony first offense. Lee also retained Respondent to represent him on his appeal of the murder and firearm convictions.

23. On September 16, 2013, Respondent filed a motion to set aside the verdict and a motion to enter judgment of acquittal or new trial in the Circuit Court of the City of Richmond.

24. On February 14, 2014, the motions were heard, and Lee was sentenced to 22 years on the second-degree murder charge; five years on the use of a firearm in felony first offense charge; and three years on the the possession of a firearm by a violent felon charge.

25. On March 25, 2014, the Circuit Court of the City of Richmond entered judgment against Lee.

26. On April 16, 2014, the Court of Appeals of Virginia received the notice of appeal on Lee's convictions, but the Court of Appeals of Virginia did not receive the filing fee.

27. By e-mail dated April 17, 2014, the Court of Appeals of Virginia advised Respondent that she failed to include the filing fee when she filed the Notice of Appeal on Lee's behalf, and the Court gave Respondent until April 28, 2014, to submit the filing fee.

28. Respondent did not submit the filing fee to the Court of Appeals of Virginia by April 28, 2014.

29. By order entered May 9, 2014, the Court of Appeals of Virginia dismissed Lee's appeal because the filing fee was not timely received in the clerk's office.

30. Respondent informed Lee of the dismissal.

31. With Lee's permission, on June 20, 2014, Respondent filed a motion for leave to pursue delayed appeal.

32. By order entered August 5, 2014, the Court of Appeals of Virginia granted Lee leave to file a replacement notice of appeal.

33. On September 4, 2014, Respondent filed a replacement notice of appeal on Lee's behalf, and the delayed appeal was granted.

**14-032-099568 Complainant: Virginia State Bar/Client Rakim Jackson**

34. On May 17, 2012, Rakim Jackson was convicted of aggravated malicious wounding, shooting a firearm from a vehicle, and possession and use of a firearm. By order entered November 6, 2013, by the Circuit Court of the City of Richmond, Jackson was sentenced. Respondent did not represent Jackson at trial.

35. Jackson retained Respondent to represent him in his criminal appeal of the convictions.

36. On October 21, 2013, Respondent filed a notice of appeal on Jackson's behalf in the Circuit Court of the City of Richmond and in the Court of Appeals of Virginia.

37. On January 31, 2014, the Court of Appeals of Virginia received the record of proceedings in the trial court.

38. The deadline to file the petition for appeal was March 12, 2014.

39. By order entered April 18, 2014, the Court of Appeals of Virginia dismissed the case because the petition for appeal was not timely filed.

40. Respondent advised Jackson that his appeal was dismissed because of her failure to timely file the petition.

41. On June 20, 2014, with Jackson's consent, Respondent filed a motion for leave to pursue a delayed appeal.

42. By order entered August 5, 2014, the Court of Appeals of Virginia granted Jackson's petition for leave to pursue a delayed appeal.

43. On September 4, 2014, Respondent filed the replacement notice of appeal and notice of filing of transcript, and the delayed appeal was granted.

4

## II. NATURE OF MISCONDUCT

Such conduct by Respondent constitutes misconduct in violation of the following provisions of the Rules of Professional Conduct:

**As to all three matters referenced herein in:**

**RULE 1.3    Diligence**

(a) A lawyer shall act with reasonable diligence and promptness in representing a client.

**As to VSB 14-032-099568 (Virginia State Bar/Client Christopher Dale, Jr.) only:**

**RULE 1.4    Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

## III. PUBLIC REPRIMAND WITH TERMS

Accordingly, having approved the agreed disposition, it is the decision of the Subcommittee to impose a PUBLIC Reprimand with Terms. The terms are:

> For a period of three (3) years following the date of service of the Public Reprimand with Terms on Respondent, the Respondent shall not engage in any conduct that violates Virginia Rules of Professional Conduct 1.3 and 1.4 and all subparts, including any amendments thereto, and/or which violates any analogous provisions, and any amendments thereto, of the disciplinary rules of another jurisdiction in which the Respondent may be admitted to practice law. The terms contained in this paragraph shall be deemed to have been violated when any ruling, determination, judgment, order, or decree has been issued against the Respondent by a disciplinary tribunal in Virginia or elsewhere, containing a finding that Respondent has violated any provision of Rule 1.3 or 1.4 of the Rules of Professional Conduct, provided, however, that the conduct upon which such finding was based occurred within the three-year period following the date of service of the Public Reprimand with Terms, and provided, further, that such ruling has become final.

If the terms are not met by the time specified, pursuant to Part 6, §§ IV, ¶ 13-15.F &G of the Rules of the Supreme Court of Virginia, the District Committee shall hold a hearing and Respondent shall be required to show cause why a Certification for Sanction Determination should not be issued. Any proceeding initiated due to failure to comply with terms will be considered a new matter, and an administrative fee and costs will be assessed.

Pursuant to Part 6, § IV, ¶ 13-9.E. of the Rules of the Supreme Court of Virginia, the Clerk of the Disciplinary System shall assess costs.

THIRD DISTRICT SUBCOMMITTEE
OF THE VIRGINIA STATE BAR

_____
R. Braxton Hill, IV
Subcommittee Chair

**CERTIFICATE OF MAILING**

I certify that on __Nov 10__, 2014, a true and complete copy of the Subcommittee Determination (PUBLIC Reprimand With Terms) was sent by certified mail to Angela Dawn Whitley, Respondent, at The Whitley Law Firm, 3115 Sunset Ave, Richmond, VA 23221-3926, Respondent's last address of record with the Virginia State Bar, and by first class mail, postage prepaid to Craig Stover Cooley, counsel for Respondent, at 3000 Idlewood Avenue, P.O. Box 7268, Richmond, VA 23221-0268.

_____
Renu Mago Brennan
Assistant Bar Counsel

6